UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS BOSTIAN, JR., ET AL                    CIVIL ACTION

VERSUS                                       NO. 06-9474

STATE FARM FIRE & CASUALTY                   SECTION "C" (5)
COMPANY

ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional

amount existed at the time of removal.  Having considered the record, the memoranda

of counsel and the law, the Court has determined that remand is appropriate for the

following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).

Here, the plaintiffs are suing for amounts owed under a homeowner's policy issued by the defendant to the plaintiffs regarding their property in St. Bernard, Louisiana for hurricane-related damages.  The defendant removed this matter on the basis of the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA"), federal question jurisdiction under 28 U.S.C. § 4072 relating to the National Flood Insurance Program and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).   It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co.,  2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.  The Court's reading of the petition indicates that the plaintiffs are suing under their homeowners policy only, rendering reference to the flood policy irrelevant for present purposes.

 In order to remain in federal court in diversity, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

The defendant argues that the minimum jurisdictional amount existed at the time

of removal because they allege in their petition that the damages "exceed the policy

limits" because the building, ancillary building and contents were a "total loss."

(Petition, ¶ III).  The defendant acknowledges that the plaintiffs were paid

approximately $190,000 under their flood and homeowners policies, leaving a sum

greater than the jurisdictional minimum at issue when the total homeowners coverage

is considered.   Therefore, the defendant has met its burden showing that it is facially

apparent from the petition that the amount in controversy existed at the time of

removal.

The plaintiffs respond with the stipulation that, based on the advice of a public

adjuster, the claim is less than the jurisdictional minimum.  (Rec. Docs. 9, 10).    The

Court assumes this references back to the time of removal.  The Court recognizes that

this statement may not be "binding" for purposes of La. Code Civ. P. art. 862 under the

reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J.

Vance).   The statement is, however, evidence of the jurisdictional amount

actually in controversy.

This case presents a close issue.  However, the Court is mindful that removal

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th

Judicial District Court for the Parish of St. Bernard, State of Louisiana for lack of

jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 6th day of March, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE